IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   03-CV-02256-WYD-PAC

DONNA M. AUGUSTE,

    Plaintiff(s),

v.

JAMES A. ALDERDEN, Sheriff of Larimer County;
JAMES SULLIVAN, investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, investigator, Larimer County Sheriff's Office;
THOMAS WILSON, investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official capacities and individually,

    Defendant(s).

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Patricia A. Coan, Magistrate Judge**

    Plaintiff claims she was intimidated and harassed by the defendants because she provided the financial support for her nephew's pursuit of post-conviction remedies. Plaintiff brings claims of denial of equal protection of the law and freedom from an illegal search and seizure under the Fourth Amendment pursuant to 42 U.S.C. §§1981 and 1983. She further alleges a 42 U.S.C. §1985 conspiracy among the defendants to deprive plaintiff of her rights.

    A November 17, 2003 Order of Reference referred this case to the undersigned for pretrial case management. Now before the Court are Defendants Benjamin Field and

Thomas Wilson's Notice of Motion and Motion to Modify the Scheduling Order and File an Amended Answer to the First Amended Complaint [FRCP 16(b) and (15(1)], filed May 19, 2005. Plaintiff responded on June 6, 2005. The matter is now briefed and the Court has determined that oral argument would not be of material assistance.

I.

As grounds for their motion, defendants contend that they could not meet the Scheduling Order's April 12, 2004 deadline for the amendment of pleadings, *see* February 27, 2004 Scheduling Order at 8, "because they only recently realized that an admission was ambiguous and consequently misconstrued by Plaintiff. California Defendants discovered that Plaintiff interpreted an admission in a way that conflicts with the known evidence in this case and Defendants now seek to clarify their answer to conform to the evidence." Defs. May 19, 2005 Motion at 1. The "admission" is Field and Wilson's statement in their Answer that a letter was postmarked September 30, 1998. *See* Field and Wilson January 9, 2004 Answer. Defendants claim that the admission is ambiguous because only an envelope can be postmarked and that "since this case has progressed Defendants have had the opportunity to review the evidence and interview relevant parties and have learned that they made an ambiguous response. . ." *Id.* at 2. These defendants also desire to clarify other parts of their answer. Field and Wilson do not cite any authority in support of their position.

Plaintiff responds that the April 12, 2004 deadline for amendment of pleadings

has long passed, and that defendants do not have good cause for amendment, but are only seeking to retract their previous admission, and to change, rather than simply clarify, other parts of their answer. Pl. Resp. at 3-4.

II.

Rule 15 applies to a motion to amend a complaint or an answer. Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Notwithstanding Rule 15's liberal application, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause). As more fully explained in another

decision from Magistrate Judge Boland:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Rule 16(b) thus establishes a "more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary Academy*, 194 F.R.D at 687 (internal citations omitted).

In this case, the Scheduling Order's deadline to amend pleadings was April 12, 2004. *See* February 27, 2004 Scheduling Order at 8. The discovery deadline was December 3, 2004. *Id.* at 9. The final pretrial order has been entered and the trial date is November 14, 2005. Where, as here, the deadline for amendment in the Scheduling Order has passed, a two step analysis is required. *Pumpco, Inc.*, 204 F.R.D. at 668. If the good cause requirement is met, then the court may consider whether leave to amend should be permitted under Rule 15(a). *Id.*

Defendants Field and Wilson waited to move for amendment until May 19, 2005, thirteen months after the Scheduling Order's deadline of April 12, 2004, and five months after the close of discovery. For Field and Wilson to establish good cause for a late amendment, they are required to show that the scheduling order's deadline could not have been met with diligence.

Field and Wilson did not request an extension of time, do not base their motion on newly discovered facts, and have offered no explanation, other than the natural progression of this case through the discovery process and their counsel's recent review of the pleadings and the evidence, for their failure to move for amendment before thirteen months after the deadline. All of the events these defendants rely upon and wish to "clarify" in an amended answer occurred before the April 12, 2004 deadline to amend the pleadings. These defendants argue only that they have now had the opportunity to review the evidence and interview witnesses which made them realize their admission in the answer to the first amended complaint was "ambiguous." Defs. May 19, 2005 Motion at 2. These are not sufficient grounds to meet Rule 16(b)'s good cause requirement, but instead evidence carelessness and a lack of diligence on the part of Field's and Wilson's counsel. Under these facts, I agree with Magistrate Judge Boland that "[c]arelessness is not compatible with a finding of diligence and offers no reason for

a grant of relief." *Colorado Visionary Academy*, 194 F.R.D. at 687. Defendants have not shown good cause to amend the scheduling order and their answer.

III.

Accordingly, for the reasons stated, it is hereby

**RECOMMENDED** that Defendants Benjamin Field and Thomas Wilson's Notice of Motion and Motion to Modify the Scheduling Order and File an Amended Answer to the First Amended Complaint [FRCP 16(b) and (15(1)], filed May 19, 2005, be **denied** in their entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court**

**based on the findings and recommendations of the magistrate judge.**

Dated July 5, 2005.　　　　　　　　　By the Court:
　　　　　　　　　　　　　　　　　　　s/Patricia A. Coan
　　　　　　　　　　　　　　　　　　　Patricia A. Coan
　　　　　　　　　　　　　　　　　　　Magistrate Judge