IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-D-2256 (PAC)

DONNA M. AUGUSTE,

      Plaintiff(s),

v.

JAMES A. ALDERDEN, Sheriff of Larimer County;
JAMES SULLIVAN, Investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, Investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, Investigator, Larimer County Sheriff's Office;
THOMAS WILSON, Investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official
capacities and individually,

      Defendant(s).

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on two Motions for Summary Judgment.

Defendants James A. Alderden, James Sullivan, John Newhouse and Roger Bartram

(the "Colorado Defendants") filed a Motion for Summary Judgment that was accepted

for filing on April 27, 2004.  Defendants George Kennedy, Benjamin Field and Thomas

Wilson (the "California Defendants") filed a Motion for Summary Judgment on January

18, 2005.  Plaintiff filed Responses to the Motions on May 17, 2004, and February 7,

2005, respectively.  The Colorado Defendants filed a Reply in support of their Motion on

May 25, 2005, and the California Defendants filed a Reply in support of their Motion, as

well as an Objection to Plaintiff's Evidence on February 22, 2005.

II.    OBJECTION TO PLAINTIFF'S EVIDENCE

As a preliminary matter, I address the California Defendants' objection to Plaintiff's submission of an Order from the Santa Clara County Superior Court dated November 18, 2003, ("California Order") which is attached to Plaintiff's response to the California Defendants' and the Colorado Defendants' Motions for Summary Judgment. In their objection, the California Defendants state that Plaintiff failed to authenticate the Order and failed to request that this Court take judicial notice of the facts contained in the Order.  In response, Plaintiff submitted a certified copy of the Order.  I deny the California Defendants' Objection to Plaintiff's Evidence, filed February 22, 2004, and accept the certified order as an exhibit to Plaintiff's Responses.  I will take judicial notice of the California Order for purposes of addressing the issues raised in the Defendants' Motions for Summary Judgment.

III.    BACKGROUND

In August 1998 Plaintiff's nephew was convicted of sexual assault in Santa Clara County, California.  Defendant Field, a Deputy District Attorney for Santa Clara County prosecuted the case.  Plaintiff assisted her nephew emotionally and financially throughout his trial and through his pursuit of post-conviction remedies.  After unsuccessfully pursuing appellate relief, Plaintiff's nephew filed a Petition for Writ of Habeas Corpus on June 14, 2001, which alleged the existence of newly discovered evidence.  In preparation for the Habeas proceeding, Defendant Wilson, an investigator with the Office of the District Attorney for Santa Clara County who was assisting Defendant Field, sought and obtained several search warrants.  On July 17, 2003, while

-2-

executing one of the search warrants, Defendant Wilson seized a letter written by

Plaintiff's nephew and addressed to Plaintiff in which Plaintiff's nephew discusses his

desire to obtain a new trial and states "what can we do to <u>assure</u> victory. . . " and "the

only way . . . to <u>assure</u> victory is to cheat."  The letter also discusses bribing jurors and

bugging the courtroom with surveillance devices.  The California Defendants admit in

their Answer that the letter was postmarked September 30, 1998, but state that they

lack information sufficient to respond to Plaintiff's allegation regarding the date the letter

was written.

On July 21, 2003, Defendant Wilson contacted Defendant Sullivan, who is an

investigator with the Larimer County Sheriff's Office, regarding assistance with the

execution of a search warrant on Plaintiff's home.  On July 22, 2004, Defendant Wilson

e-mailed a draft affidavit he prepared in support of the search warrant.  Defendant

Wilson's affidavit states that Plaintiff's nephew was convicted of sexual assault in

August, 1998, and that after unsuccessfully appealing his convictions, he filed a Petition

for a Writ of Habeas Corpus with the Superior Court of Santa Clara County.  The Wilson

affidavit further states that on July 17, 2003, a search warrant uncovered a letter written

to Plaintiff in which Plaintiff's nephew discusses a plan to "solicit jurors in his upcoming

trial," and that Wilson believes that there are other letters or documents at Plaintiff's

residence authored by Plaintiff's nephew which discuss his plans to solicit jurors.

Wilson's affidavit states that these records are evidence of felony sex assault in

violation of California law.

After receiving Defendant Wilson's affidavit, Defendant Sullivan prepared an

alternate affidavit in which he states that he "was advised by WILSON that he was involved in the investigation of a sexual assault that had occurred in his venue of California . . .." Sullivan's affidavit further states that a letter seized on July 17, 2003, "contained information related to crimes being perpetrated by [Plaintiff's nephew] including the solicitation of jurors for his upcoming trial in California." Defendant Sullivan identified Plaintiff as a "w/f" or "white female" in the affidavit. A Judge for the Larimer County District Court signed a search warrant based on the information in Sullivan's affidavit. The search warrant was executed at Plaintiff's home on July 24, 2003.

On November 18, 2004, the Superior Court of California, County of Santa Clara, entered an Order in Plaintiff's nephew's Habeas Corpus proceeding which addressed Plaintiff's nephew's Motion to Exclude Evidence Seized in Unlawful Searches and a Motion for Sanctions based on Prosecutorial Misconduct. In that Order, the Court found, among other things, that when Defendant Field and "his investigator permitted a Colorado judge to execute a search warrant on [Plaintiff's] residence," they did so in violation of the Court's July 18, 2003, Order "not to seek any further search warrants through other courts." California Order at 16.

Plaintiff's claims in this case arise from alleged Fourth Amendment violations in connection with the search warrant executed at her home on July 24, 2003. Plaintiff asserts that Defendants obtained the search warrant through intentional and false representations. Specifically, Plaintiff complains that the affidavit accompanying the search warrant inaccurately omits the September, 1998, date of Plaintiff's nephew

letter, fail to reveal that the pending proceeding is a habeas petition, refers to Plaintiff's

nephew as a "suspect" and gives the impression that Plaintiff's nephew has not yet

been brought to trial on the sexual assault charges and that the requested warrant is in

aid of the upcoming trial.  Plaintiff brings claims against all Defendants, in both their

official and individual capacities, under 42 U.S.C. §§ 1981, 1983 and 1985(3).

IV.   ANALYSIS

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the ... moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220

F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view

the evidence and draw all reasonable inferences therefrom in the light most favorable to

the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of

Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over

facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.'"  *Id.* (quotation omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment ,

after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

"In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.  The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.  "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

     A.    <u>42 U.S.C. § 1983 Claim</u>

        1.    Qualified Immunity

Both the Colorado and California Defendants assert that they are entitled to summary judgment as to the claims asserted against them in their individual capacities based on the doctrine of qualified immunity.  I first address the law of qualified immunity and then proceed to my analysis.  In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.  *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities.  *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990).  In order to determine whether a government official is entitled to the protection of qualified immunity, a court must first ask "whether the facts alleged, viewed in the light most

favorable to the party asserting injury, show the official's conduct violated a constitutional right." *Douglas v. Dobbs*, ___ F.3d ___, 2005 WL 1953501 (10th Cir. 2005) (citation omitted).  "Second, a court must ask 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

"[O]rdinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).   The burden is on the plaintiffs to show that the law was clearly established at the time of the alleged violation.  *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir. 1991).  The "essential inquiry is: would an objectively reasonable official have known that his conduct was unlawful." *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005).

> a.   Defendant Sullivan

The Colorado Defendants assert that Defendant Sullivan is entitled to qualified immunity because his actions were objectively reasonable in light of the law and the information he possessed at the time.  In his affidavit in support of summary judgment, Defendant Sullivan asserts that the information he included in his search warrant affidavit was based on his discussions with Defendant Wilson and his understanding that "[Plaintiff's nephew] was attempting to illegally solicit witnesses for a re-trial in connection with his habeas corpus case and that the documents sought by Wilson were evidence of this crime to be used in a subsequent prosecution."  Defendant Sullivan

also states that he changed draft affidavit prepared by Defendant Wilson because it was not "in the appropriate format and contained graphic details of [the] sexual assault," which Defendant Sullivan did not consider relevant.  Defendant Sullivan further states that Defendant Wilson read his affidavit and search warrant prior to the search and confirmed that it was accurate.

The Tenth Circuit has held that an officer violates clearly established Fourth Amendment rights when that officer knowingly, intentionally or with reckless disregard for the truth, omits information from an affidavit in support of a warrant which, if included, would have vitiated probable cause.  *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990).  However, the office must make "allegations of deliberate falsehood or of reckless disregard for the truth . . . [a]llegations of negligence or innocent mistake are insufficient."  *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).  The Tenth Circuit has also held that "[p]olice officers are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify an investigative detention or probable cause to arrest," so long as this reliance is reasonable.  *Oliver v. Woods*, 209 F.3d 1179, 1191-92 (10th Cir. 2000); *Babtiste v. J.C. Penney Co.*, 147 F.3d 1252, 1260 (10th Cir. 1998).

Plaintiff asserts that Defendant Sullivan recklessly failed to include in his affidavit the fact that Plaintiff's nephew was convicted and charged five years ago and the only pending proceeding in California was a habeas proceeding, despite the fact that this information was contained in the draft affidavit provided to him by Defendant Wilson. Plaintiff also asserts that Defendant Sullivan unreasonably failed to investigate the date

-8-

of the letter written to plaintiff, that was recently obtained in the prior search.  I find that

there are material facts in dispute regarding whether Defendant Sullivan prepared his

affidavit with knowing, intentional or reckless disregard for the truth, and as to whether

Defendant Sullivan's actions were objectively reasonable in light of the information he

received from Defendant Wilson.  Therefore, the Colorado Defendants' Motion for

Summary Judgment is denied with respect to the issue of qualified immunity as to

Defendant Sullivan.

b.    Defendants Wilson and Field

The California Defendants assert that Defendant Wilson is entitled to qualified

immunity in this case because the original affidavit he prepared contained information

that Defendant Sullivan choose to omit.  Specifically, Defendant Wilson asserts that he

explained the procedural posture of the case to Defendant Sullivan, and that although

Sullivan's affidavit describes Plaintiff's nephew as a "suspect", his original affidavit

stated that Plaintiff's nephew was convicted in 1998.  Essentially, Defendant Wilson

asserts that there is no causal link between himself and the Colorado affidavit.  The

California Defendants also assert that Defendant Field is entitled to absolute immunity

as a prosecutor or, in the alternative, qualified immunity because he did not personally

prepare or approve the Colorado search warrant affidavit.  The California Defendants

also contend that regardless of the California Defendants' lack of involvement in the

preparation of the Colorado affidavit, the alleged misrepresentations and omissions

contained therein do not negate probable cause.

In response, Plaintiff contends that Defendant Wilson personally participated in

arranging for the Colorado search warrant and that his deliberate actions in omitting crucial information caused the violation of Plaintiff's Fourth Amendment Rights. Specifically, Plaintiff asserts that Wilson's draft affidavit is itself misleading because it omits the September 1998 date of the letter seized on July 17, 2003, and refers to that letter only by the date of its seizure.  Plaintiff further contends that had the Colorado authorities known that California Judge had ordered Defendant Field not to seek additional search warrants through other courts, the search warrant would never have issued.  Plaintiff asserts that neither Defendant Wilson nor Defendant Field are entitled to immunity because their actions in obtaining the search warrant disregarded the an order of the California Court.

I find that there are material facts in dispute with regard to Defendant Field's and Defendant Wilson's involvement in obtaining the search warrant.  Specifically there are facts in dispute concerning whether these Defendants sought to obtain the search warrant in direct violation of an Order from the Superior Court of California.  As such, I cannot grant summary judgment with respect either Defendant Field or Wilson under the doctrines of qualified or absolute immunity.

        c.     Defendants Newhouse, Bartram, Alderden and Kennedy

The Colorado Defendants assert that Defendants Newhouse and Bartram are entitled to qualified immunity because they had no role in obtaining the search warrant and were simply asked by Defendant Sullivan to assist him in executing the warrant that had already been issued by the Court.  The Colorado Defendants also assert that Defendant Alderden is entitled to immunity for claims asserted against him because

Plaintiff cannot show that he personally participated in obtaining or executing the search warrant.  Similarly, the California Defendants assert that Defendant Kennedy cannot be held liable in this case because he did not personally participate in preparing the Colorado search warrant affidavit.  In his affidavit, Defendant Kennedy states that he did not personally participate in any aspect of this case and had no knowledge of the Colorado search warrant.

Personal participation is an essential showing in a § 1983 action.  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1986); *Massey v. Wilson*, 484 F. Supp. 1332, 1333 (D. Colo. 1980).  Defendants cannot be held liable by virtue of their supervisory position on a theory of respondeat superior.  *Ruark v. Solano*, 928 F.2d 947 (10th Cir. 1991); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  In a § 1983 case, "[a] defendant cannot be liable under a *respondeat superior* theory . . . ."  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Rather, a defendant is only liable if he participated or acquiesced in a constitutional violation or if he inadequately trained or supervised officers who did.  *Id.*  For a supervisor to be liable under § 1983, there must be an "'affirmative link' . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

In her Response to the Colorado Defendant's Motion, Plaintiff states that she does not oppose the motion to the extent it concerns Defendants Newhouse, Bartram and Alderden, in their individual capacities.  In addition, Plaintiff does not oppose the California Defendant's Motion as it relates to Defendant Kennedy.  I find that there are

no genuine issues of material fact with respect to Defendants Newhouse, Bartram, Alderden, and Kennedy's personal participation in the events giving rise to Plaintiff's alleged Fourth Amendment violation.  Therefore, I grant the Colorado Defendant's Motion for Summary Judgment as to the claims asserted against Defendants Newhouse, Bartram and Alderden in their individual capacity, and I grant the California Defendant's Motion for Summary Judgment as to the claims asserted against Defendant Kennedy in his individual capacity.

      B.    <u>Official Capacity Claims</u>

I next address the Colorado Defendants' assertion that all Colorado Defendants are entitled to immunity for claims asserted against them in their official capacity because Plaintiff has not alleged or shown that the Larimer County Sheriff or the Sheriff's Office has a policy of filing affidavits for search warrants based on untrue or inadequate information, nor has Plaintiff alleged or shown that the search warrant was obtained or executed through a final policy decision of Sheriff Alderden.

"'[I]n order to hold a municipality liable for an employee's constitutional violations, a plaintiff must show not only that a constitutional violation occurred, but also that some municipal policy was the moving force behind the violation.'"  *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000) (quotation omitted).  Plaintiff contends that the Larimer County Sheriff's Department has a policy and custom that, upon receipt of a request from another law enforcement agency for assistance in obtaining a warrant, it undertakes no independent investigation of probable cause.  In support of this assertion, Plaintiff attaches an article from a local newspaper in which,

according to the author of the article, Defendant Alderden stated in reference to this case that his Department "acted as it usually does when other law enforcement agencies seek his staff's help."

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment , after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.  The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.  "'[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986))."When . . . the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy [its] burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Horizon/CMS Healthcare*, 220 F.3d 1184, 1190 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

In order to prevail on her official capacity claims at trial, Plaintiff must demonstrate the existence of a policy of the Larimer County Sheriff or the Sheriff's

Office that was the "moving force" behind the events giving rise to Plaintiff's alleged Fourth Amendment violation.  I find that Plaintiff has failed make a showing sufficient to establish the existence of such a policy, or to show material facts in dispute with respect to this issue.  The statements attributed to Defendant Alderden in a local newspaper article are not sufficient to create a genuine issue of material fact.  Therefore, summary judgment in favor of the Colorado Defendants is appropriate as to all claims asserted against them in their official capacities.

I also grant summary judgment as to Plaintiff's claims against Defendant Field and Defendant Wilson in their official capacity.  The California Defendants assert that the official capacity claims against Defendant Field and Defendant Wilson, both of whom are employed by the State of California, are barred by the Eleventh Amendment. Plaintiff contends that the Eleventh Amendment does not bar claims against Field and Wilson since they were acting as County Agents and, as such, they are "Persons" within the meaning of the statutes.  However, even if Defendant Field and Defendant Wilson were acting as "county" rather than state officials, Plaintiff must demonstrate that a policy or custom of Santa Clara County was the "moving force" behind Plantiff's alleged Fourth Amendment violation.  Plaintiff had not alleged or shown any policy, plan, or custom within the Santa Clara County District Attorney's office that would support liability against that entity in this case.  Therefore, I grant summary judgment in favor of Defendants Wilson and Field as to the claims asserted against them in their official capacity.  This Court previously granted Defendant Kennedy's Motion to Dismiss the claims asserted against him in his official capacity as District Attorney by Order of July

-14-

9, 2004.

    C.    <u>42 U.S.C. § 1981 and 42 U.S.C. § 1985(3)</u>

I now turn to the Colorado Defendants assertion that they are entitled to summary judgment on Plaintiff's claim under 42 U.S.C. § 1981 because Plaintiff has failed to allege the existence of a valid contract and because Plaintiff has not shown evidence of racial discrimination. The Colorado Defendants also contend that Plaintiff's claim under 42 U.S.C. § 1985(3) must be dismissed because Plaintiff cannot show any specific facts demonstrating that Defendants' actions were motivated by racial animus. Similarly, the California Defendants assert that Plaintiffs' section 1981 and 1985(3) claims fail because Plaintiff's race "played no role in any aspect of this case."

Plaintiff contested dismissal of her § 1981 and § 1985(3) claims in Response to the Colorado Defendant's Motion for Summary Judgment. However, in her Response to the California Defendant's Motion for Summary Judgment Plaintiff states that "[s]he does not oppose the motion as it affects Defendant Kennedy and the claims against all Defendants under sections 1981 and 1985(3)." Plaintiff's Response to California Defendants at 1. It is unclear whether Plaintiff intended this statement to apply to the California Defendants or all Defendants. In any case, I find that Plaintiff's § 1981 and § 1985(3) claims must be dismissed because she has failed to raise a genuine issue of material fact with respect to whether the Colorado Defendants' intended to discriminate against her because of her race.

To prevail on her claim under 42 U.S.C. § 1981 Plaintiff must prove that (1) she is a member of a protected class, (2) that Defendants had the intent to discriminate

against her on the basis of her race, and (3) that the discrimination interfered with a protected activity as defined in § 1981. *See Hampton v. Dillard Department Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001). In order to prevail on her § 1985(3) conspiracy claim, Plaintiff must prove that Defendants' alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Defendants Sullivan, Newhouse and Bartram each state in affidavits in support of their Motion that they were not aware of Plaintiff's race until after they commenced execution of the search warrant. Defendant Alderden states that he had no knowledge of Plaintiff's race until he read the Complaint in this case. In response, Plaintiff contends that prior to obtaining the search warrant Defendant Sullivan obtained Plaintiff's records from the Colorado Department of Motor Vehicles, which include photographs that would reveal Plaintiff's race. Conclusory allegations do not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Service Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987). Even if the Colorado Defendants were aware that Plaintiff was African-American, this fact alone does not establish intentional racial discrimination or a conspiracy based on racial animus. Plaintiff's § 1981 and § 1985(3) claims are dismissed in their entirety.

V.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' George Kennedy's, Benjamin Field's and Thomas Wilson's Objection to Plaintiff's Evidence, filed February 22, 2004, is **DENIED**. It is

FURTHER ORDERED that Defendants James A. Alderden's, James Sullivan's, John Newhouse's and Roger Bartram's Motion for Summary Judgment that was accepted for filing on April 27, 2004, is **GRANTED IN PART and DENIED IN PART**. More specifically, it is

FURTHER ORDERED that the Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendants Newhouse, Bartram and Alderden, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims under 42 U.S.C. § 1981 and § 1985(3).  It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendant Sullivan in his official capacity. The Motion is **DENIED** as to the claims against Defendant Sullivan in his individual capacity.  It is

FURTHER ORDERED that Defendants George Kennedy's, Benjamin Field's and Thomas Wilson's Motion for Summary Judgment filed January 18, 2005 is **GRANTED IN PART and DENIED IN PART**.  More specifically, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED** as to  Plaintiff's claims asserted against Defendant Kennedy in his individual capacity, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims under 42 U.S.C. § 1981 and § 1985(3).

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendants Field and Wilson in their official

capacities.  The Motion is **DENIED** as to the claims against Defendants Field and

Wilson in their individual capacities.

Dated:  August 30, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge