IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02256-WYD-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES A. ALDERDEN, Sherriff of Larimer County;
JAMES SULLIVAN, Investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, Investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, Investigator, Larimer County Sheriff's Office;
THOMAS WILSON, Investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official capacities and individually,

    Defendant(s).

---

**ORDER**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Quash Deposition Subpoenas and Motion for Protective Order** [Docket No. 143; filed April 14, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant Field's Response [Docket No. 144; filed April 15, 2008], Plaintiff's Reply [Docket No. 152; filed April 28, 2008], the entire case file and applicable law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**, as set forth below.

Plaintiff requests that this Court quash subpoenas issued for the depositions of

Damon Auguste, Heather Lynn Auguste/Karen Auguste, and Heather Hardy, and that the Court issue a protective order preventing the depositions from occurring. As grounds, Plaintiff states that on April 4, 2008, Defendant Field issued subpoenas to Damon Auguste, Heather Lynn Auguste/Karen Auguste, and Heather Hardy for depositions to be held in San Jose, California. *Motion* [#143], p. 2. Plaintiff argues that Defendant Field did not make a good faith effort to schedule the depositions at a time "reasonably convenient and economically efficient to the proposed deponent," pursuant to D.C.Colo.L.CivR 30.1(A). *Id.* at 3. Plaintiff further argues that Defendant Field is attempting to modify the deposition schedule set by the Scheduling Order without first showing good cause. *Id.* Finally, Plaintiff contends that the proposed depositions subject the deponents to an undue burden, as they require all deponents to travel to San Jose, California. *Id.*

Defendant Field argues that this court lacks jurisdiction to quash or modify the subpoenas, as they were issued by the United States District Court for the Northern District of California. *Response* [#144], p. 12. Defendant Field has submitted copies of the subpoenas at issue. *See Declaration of Aryn Paige Harris in Support of Defendant Field's Opposition to Plaintiff's Motion to Quash the Deposition Subpoenas and Motion for a Protective Order* [Docket No. 145; filed April 15, 2008], Ex. H. The Court has examined the subpoenas, which are captioned to read "Issued by the United States District Court Colorado District of Colorado." *See id.* First, there is no United States District Court Colorado District of Colorado. Second, to the extent that Defendant Field intends to subpoena non-party witnesses who reside in another judicial district to attend their depositions in that district, Fed. R. Civ. P. 45(a)(2) requires that the subpoenas must issue

"from the court for the district where the deposition is to be taken." Although the Court construes Defendant Field's response to indicate that he *intended* the subpoenas to issue from the proper court, the subpoenas do not reflect that they were issued by the proper court, or by any viable United States District Court, for that matter. Accordingly, the subpoenas are defective on their faces, and Plaintiff's Motion to quash is **granted**.

The Court expresses no opinion about the merits of Plaintiff's arguments regarding the depositions, and nothing in this Order should be construed to preclude Defendant Field from issuing proper subpoenas for the attendance of witnesses Damon Auguste, Heather Lynn Auguste/Karen Auguste and Heather Hardy for their depositions within one hundred miles of where they reside, are employed, or regularly transact business in person, pursuant to Fed. R .Civ. P. 45(c)(3)(A)(ii). If proper subpoenas are issued for such depositions and Plaintiff continues to object on the grounds set forth in the Motion, Plaintiff must file her Motion to Quash in "the court by which [the] subpoena was issued." Fed. R. Civ. P. 45(c)(3)(A). Only that Court will have jurisdiction to quash properly issued subpoenas pursuant to Fed. R. Civ. P. 45(c). *Jennings v. Short-Elliott-Hendrickson, Inc.,* 2007 WL 2045497 (D. Colo. 2007) (quoting *In re Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1495 (11th Cir. 1986). Accordingly, Plaintiff's motion for protective order, to the extent it seeks an order prohibiting the depositions from occurring *at any time*, is **denied.**

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: April 29, 2008