IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02256-WYD-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES A. ALDERDEN, Sherriff of Larimer County;
JAMES SULLIVAN, Investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, Investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, Investigator, Larimer County Sheriff's Office;
THOMAS WILSON, Investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official capacities and individually,

    Defendant(s).

---

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant James Sullivan's Motion for Leave to Depose Plaintiff and Appointment of Special Master** [Docket No. 140; filed April 4, 2008] (the "Motion for Special Master"); **Defendant James Sullivan's Motion to Amend Scheduling Order** [Docket No. 146; filed April 18, 2008] (the "Motion to Amend") and **Defendant Benjamin Field and Tom Wilson's Motion for Leave to Complete Plaintiff's Depositions** [Docket No. 148; filed April 18, 2008] (the "Motion for Additional Deposition"). The Court has reviewed the Motions, Plaintiff's Response [Docket No. 151; filed April 22,

1

2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, it is HEREBY **ORDERED** that the Motion for Special Master is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

IT IS FURTHER **ORDERED** that **Defendant Benjamin Field and Tom Wilson's Motion for Leave to Complete Plaintiff's Depositions** [Docket No. 148; filed April 18, 2008] is **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER **ORDERED** that **Defendant James Sullivan's Motion to Amend Scheduling Order** [Docket No. 146; filed April 18, 2008] is **GRANTED**, as set forth below.

In his Motion for Special Master, Defendant Sullivan requests that this Court grant additional time for Plaintiff's deposition as well as appoint a Special Master to proceed over the deposition at Plaintiff's expense. As grounds, Defendant states that Plaintiff's deposition occurred on March 27, 2008 and lasted for approximately seven hours. *Motion for Special Master* [#140], p. 2. Defendant contends that during her March 27, 2008 deposition, "Plaintiff impeded, unreasonably delayed and unfairly frustrated her examination by providing evasive and incomplete answers to questions . . . . As a result of Plaintiff's unwillingness to answer even the most basic straight-forward questions in a clear manner and without undue delay, counsel for Defendant Field was unable to conclude his examination. In addition, counsel for Defendant Sullivan and counsel for Defendant Wilson were unable to conduct any examination of Plaintiff." *Id.* Defendant contends that he should be given an additional four hours, instead of two hours, to depose Plaintiff, and that a Special Master should be appointed, at Plaintiff's expense, pursuant to Fed. R. Civ. P.

2

30(d)(2) and D.C.Colo.L.CivR 30.3(B).  In their Motion, Defendants Field and Wilson state that they join in Defendant Sullivan's request that a Special Master be appointed, and request that they be given additional time to depose Plaintiff.  *Motion for Additional Deposition* [#148], p. 9.  For her part, Plaintiff disagrees that she impeded or unreasonably delayed answering questions in her deposition.  *Response* [#151], p. 3.  Plaintiff further contends that because Defendants have failed to allege that any of the conduct prohibited by D.C.Colo.LCivR 30.3(A) occurred during her deposition, they are not entitled to appointment of a Special Master pursuant to D.C.Colo.LCivR 30.3(B).

D.C.Colo.LCivR 30.3(A) sets out five different types of abusive conduct that are prohibited during a deposition.  Pursuant to D.C.Colo.LCivR 30.3(B), "[w]henever it comes to the attention of a judicial officer that an attorney or party has engaged in abusive deposition conduct, a judicial officer may appoint a special master under Fed. R. Civ. P. 53, at the expense of the attorney of person engaging in such conduct (or of both sides), to attend future depositions, exercise such authority, and prepare such reports as a judicial officer shall direct."

Federal Rule of Civil Procedure 53 governs the appointment of a Special Master. It states, in relevant part, that "[t]he court in which any action is pending may appoint a special master therein."  The federal courts "have tended to read Rule 53 narrowly, closely circumscribing the range of circumstances in which reference to a master is appropriate." *Burlington Northern v. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir. 1991) (citation omitted).  That is, the use of a Special Master "shall be the exception and not the rule," and

shall be made "upon a showing that some exceptional condition requires it." *Id.* (quoting Fed. R. Civ. P. 53(b)). This is because, "[t]he use of masters is 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause,' and not to displace the court." *La Buy v. Howes Leath Co.*, 352 U.S. 249, 256 (1957) (citation omitted).

The Court has reviewed the deposition transcripts submitted by Defendant Sullivan containing Plaintiff's allegedly abusive behavior. *Motion to Appoint Special Master* [#140], Exs. A, B, C, D, E, F, G. The Court is extremely concerned about Plaintiff's difficulty in answering very simple questions like "Have you adopted any children?", "What is the name of the child?" and "Was there a reason that you left Intellicorp?" Plaintiff's failure to immediately provide straight-forward answers to straight-forward questions is inexplicable, in the Court's opinion. Nevertheless, while it appears that Plaintiff was uncooperative during her deposition, it does not appear that any of the behaviors prohibited by D.C.Colo.LCivR 30.3(A) occurred during Plaintiff's deposition. As such, the Court cannot find that Defendant has made the required showing "that some exceptional condition requires" the appointment of a Special Master. *Burlington Northern*, 934 F.2d at 1071. Accordingly, to the extent that Defendants seek the appointment of a Special Master at Plaintiff's expense, the motions are **denied**. However, to the extent that Defendants seek leave to take an additional deposition, the motions are **granted**. Further, pursuant to D.C.Colo.LCivR 30.3(C), when "deposition abuse is anticipated, a judicial officer may order that any deposition be taken at the courthouse . . . so that, at the request of any party,

4

witness, or counsel, any dispute may be heard and decided immediately by a judicial officer . . . ." In recognition of the Plaintiff's previous deposition behavior as well as the fact that Plaintiff's second deposition may become combative, IT IS HEREBY **ORDERED** that Defendants Sullivan, Field and Wilson may take a **seven-hour** deposition of Plaintiff in a conference room adjunct to Magistrate Judge Mix's Chambers, located at Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The Parties are directed to conference together and contact the Court to obtain a suitable date and time for the deposition.

In light of the discovery still to take place in this case, IT IS FURTHER **ORDERED** that **Defendant James Sullivan's Motion to Amend Scheduling Order** [Docket No. 146; filed April 18, 2008] is **GRANTED**. Accordingly, the Scheduling Order shall be amended as follows:

The discovery deadline shall be extended to **July 1, 2008**.

The dispositive motions deadline shall be extended to **August 1, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 9, 2008