IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02256-WYD-KLM

DONNA M. AUGUSTE,

      Plaintiff,

v.

JAMES A. ALDERDEN, Sherriff of Larimer County;
JAMES SULLIVAN, Investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, Investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, Investigator, Larimer County Sheriff's Office;
THOMAS WILSON, Investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official capacities
and individually,

      Defendant(s).

_____

## ORDER

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion to Compel Production of Documents and Answers to Deposition Inquiries** [Docket No. 154; Filed May 8, 2008] ("Motion to Compel"). The Court has reviewed the Motion to Compel, Defendant Field's Response [Docket No. 164; Filed May 27, 2008], Defendant Wilson's Response [Docket No. 165; Filed May 27, 2008], Plaintiff's Reply to Defendant Field's Response [Docket No. 167; Filed June 9, 2008], Plaintiff's Reply to Defendant Wilson's Response [Docket No. 168; Filed June 10, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

      Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion to Compel** is

**GRANTED IN PART and DENIED IN PART**, as set forth below.

## I.    Duty to Confer

As a preliminary matter, counsel disagree on whether Plaintiff satisfied the duty to confer.  Pursuant to D.C. Colo. LCivR. 7.1(A) and Fed. R. Civ. P. 37(a)(1), the Court will not consider a motion to compel unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute by holding "meaningful negotiations."  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-36 (D. Colo. 2003).  The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality.  *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (holding that four phone calls and two letters did not satisfy the duty to make a reasonable, good-faith effort to confer).

To the extent that Plaintiff seeks the production of documents, Plaintiff asserts that she satisfied the duty to confer by exchanging correspondence with counsel for Defendants Field and Wilson.  *Motion to Compel* [#154] at 2, Exs. 1-3.  Without deciding whether a single letter and reply from each recipient amount to a reasonable effort to confer, the Court accepts Plaintiff's certification because Defendants Field and Wilson do not contest this issue.  *Id.*; *see Defendant Field's Response* [#164]; *see also Defendant Wilson's Response* [#165].  Accordingly, the Court finds that Plaintiff has satisfied the duty to confer with respect to her request to compel the production of documents.

To the extent that Plaintiff seeks to compel Defendant Field to answer deposition questions, Plaintiff fails to assert or to submit any evidence that she satisfied the duty to

confer pursuant to Local Rule 7.1(A) and Fed. R. Civ. P. 37(a)(1).  *See Motion to Compel* [#154] at 2.  During the deposition, Defendant Field's counsel instructed him to not answer questions related to an investigation into his actions by the State Bar of California, the Office of the Santa Clara County District Attorney's internal review, and cases involving prosecutorial misconduct.  *See Motion to Compel* [#154-9] Ex. 8 at 3-9.[1]  With the exception of the final deposition question, Plaintiff proceeded with a new question after each instruction to the deponent not to respond.  *Id.*  After defense counsel's instruction to Defendant Field not to respond to the final question, Plaintiff's counsel requested that Defendant Field's counsel withdraw his instruction.  *Id.* Ex. 8 at 9.  Aside from this single request, there is no indication that Plaintiff made any attempt to resolve this dispute either during or after the deposition with Defendant Field's counsel.  *See id.* at 2, 12; *Defendant Field's Response* [#164] at 9.  Moreover, there appears to be fertile ground for resolution of this dispute without judicial intervention, as Defendant Field indicates that he is willing to "consider any proffer regarding relevance or a more limited scope of inquiry." *Defendant Field's Response* [#164] at 10.  Accordingly, the Court finds that Plaintiff failed to satisfy the duty to confer with respect to the deposition questions, and therefore, to the extent that Plaintiff seeks to compel Defendant Field to answer deposition questions, the Motion to Compel is **DENIED without prejudice**.

---

[1] In Plaintiff's Motion to Compel, Exhibit Eight contains deposition transcript page numbers, condensed deposition transcript page numbers, and electronic filing system page numbers.  For ease of reference, the Court will cite all exhibit page numbers according to electronic filing system page numbers, to the extent available.

## II. Production of Documents

### A. Defendant Wilson

In her Motion to Compel, Plaintiff claims that Defendant Wilson failed to produce documents that fully respond to document request Nos. 2, 3, 4, 5, 6, 7, 9, and 14. *See Motion to Compel* [#154] at 4-11. However, in her Reply to Defendant Wilson's Response, Plaintiff withdraws her motion to compel production of documents by Defendant Wilson. *Plaintiff's Response to Defendant Wilson's Reply* [#168] at 3. Accordingly, based upon Plaintiff's withdrawal of her Motion to Compel against Defendant Wilson, the Motion to Compel is **DENIED as moot** with regard to Defendant Wilson.

### B. Defendant Field

In her Motion to Compel, Plaintiff claims that Defendant Field has failed to produce documents that fully respond to document request Nos. 2, 3, 4, 5, 6, 7, 9, and 12. *See Motion to Compel* [#154] at 4-11.

#### 1. Document Request Nos. 2, 3, and 4

Document request Nos. 2, 3, and 4 ask Defendant Field to produce the following:

Document Request No. 2: Produce all notes, correspondence, communications, documents, audio recordings, video recordings, drafts of search warrants, and search warrants, relevant to or concerning the search of the residence of Donna Auguste, from the decision to pursue and/or perform a search of her residence through the actual search performed upon Donna Auguste's residence.

Document Request No. 3: Produce all notes, correspondence, communications, documents, audio recordings, video recordings, drafts of search warrants, and search warrants, relevant to or concerning the all [sic] other requests for search warrants in the litigation of the habeas corpus petition filed by Damon Auguste.

Document Request No. 4: Produce all documents reflecting any and

4

all communications between any officers or employees of the Larimer County Sheriff's office and of the Office of the Santa Clara County District Attorney.

*Id.* at 4-5. Defendant Field argues that he has produced all nonduplicative, responsive documents in accordance with Fed. R. Civ. P. 34(b). *Defendant Field's Response* [#164] at 3. In her Reply, Plaintiff accepts Defendant Field's "clarifi[cation]" and concedes that these document requests are no longer in dispute. *Plaintiff's Reply to Defendant Field's Response* [#167] at 2. Accordingly, the Court finds that Defendant Field has fully responded to document request Nos. 2, 3, and 4 and that the Motion to Compel is **DENIED as moot** with respect to these requests.

### 2.    Document Request Nos. 5 and 9

Document request Nos. 5 and 9 ask Defendant Field to produce the following:

> Document Request No. 5: Produce a complete copy of the Office of the Santa Clara County District Attorney's file for the criminal case against Damon Auguste and the habeas corpus petition.

> Document Request No. 9: Produce all documents regarding any background checks, vehicle checks, real estate checks, or credit checks requested and/or obtained on individuals associated with Damon Auguste during the litigation of the habeas corpus petition, including but not limited to any members of Damon Auguste's family and/or any witnesses identified on behalf of Damon Auguste.

*Motion to Compel* [#154] at 5, 10. Plaintiff contends that these documents are relevant because they "are reasonably calculated to lead to the discovery of admissible evidence relevant to [Plaintiff's] Fourth Amendment claims." *Id.* at 6. Defendant Field, however, contends that all nonprivileged documents that are responsive to document request Nos. 5 and 9 have been produced. *Defendant Field's Response* [#164] at 4. As set forth in the privilege log, Defendant Field asserts that the withheld documents, which relate to state

and local summary criminal history information, parole/probation reports, sentencing reports, real estate information, consumer credit reports, and the criminal Grand Jury roster and votes for Damon Auguste's criminal trial, are both protected from discovery by statute and irrelevant. *Id.* at 4-7. To the extent that any of the withheld documents may be statutorily protected, Plaintiff argues that a court order compelling disclosure and/or third parties granting Defendant Field permission to disclose their information should alleviate Defendant's fear of liability for unauthorized disclosure of the withheld documents. *See Motion to Compel* [#154] at 6-7, 10.

As a preliminary matter, the scope of discovery is broad and "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (citation omitted). Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiff "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." When relevance is not apparent on the face of a party's discovery request, the party seeking the discovery has the burden to show the relevance by sufficiently demonstrating that the request appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).

Regardless of whether the party's discovery request is relevant to any claims or defenses, a party may not obtain discovery of privileged information or documents. Fed. R. Civ. P. 26(b)(1). As Plaintiff brings her claim pursuant to 42 U.S.C. § 1983, federal law governs the evidentiary privileges for this action. *See* Fed. R. Evid. 501. Because evidentiary privileges "contravene the fundamental principle that the public has a right to every man's evidence," they must be strictly construed and accepted only to the extent that

they promote sufficiently important interests that outweigh the need for probative evidence. *See Trammel v. United States*, 445 U.S. 40, 50-51 (1980).

It is well established that federal evidentiary privileges may be created by federal procedural rules, federal common law, the Constitution, or by federal statute. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law."); *Pierce County, Wash. v. Guillen*, 537 U.S. 129, 146-48 (2003) (holding that a federal statute protecting documents from discovery and admission into evidence created an evidentiary privilege).

Federal statutory privileges may be created when a statute explicitly protects information or documents from civil discovery or provides for confidentiality. *See Baldridge v. Shapiro*, 455 U.S. 345, 361 (1982) (reasoning that "Congress intended the confidentiality provisions [of a federal statute] to constitute a 'privilege' within the meaning of the Federal Rules[,]" otherwise "[d]isclosure by way of civil discovery would undermine the very purpose of confidentiality contemplated by Congress"). Although state statutes can similarly create state evidentiary privileges, the Court, for the purposes of this action, is only bound by state statutory privileges to the extent that these privileges are also permitted as a matter of federal law. *See Pearson v. Miller*, 211 F.3d 57, 62 (3d Cir. 2000). Even when a state privilege is not permitted as a matter of federal law, principles of comity require that the Court "at least consider [state statutory] 'privileges,' as well as the confidentiality interests otherwise protected" by them. *Id.* at 69.

As Defendant Field's privilege log sets forth by subject matter responsive documents to both document request Nos. 5 and 9, the Court jointly addresses document request Nos.

5 and 9 according to the subject matter of the withheld documents.

### a.    State and Local Summary Criminal History Information

Plaintiff first seeks to compel the production of state and local summary criminal history information, which includes Department of Motor Vehicles ("DMV"), California Law Enforcement Telecommunication System ("CLETS"), Sheriff's Office Law Enforcement Telecommunications System ("SLETS"), Criminal Justice Information Control ("CJIC"), and Criminal Justice Information System ("CJIS") information.  *Motion to Compel* [#154] at 10. Defendant Field, on the other hand, argues that state and local summary criminal history information is privileged pursuant to California state law.  *Defendant Field's Response* [#164] at 5-6.

Because Plaintiff brings her claim pursuant to 42 U.S.C. § 1983, the Court is bound by state evidentiary privileges only to the extent that these privileges are also permitted as a matter of federal law.  Fed. R. Evid. 501; *Pearson*, 211 F.3d at 62.  As such, the Court first examines whether the applicable California statutes create an evidentiary privilege pursuant to state law.

As a general rule, California law provides for mandatory disclosure of state and local summary criminal history information to its own state courts and governmental agencies and for discretionary disclosure to all federal and out of state courts and governmental agencies.  *See* Cal. Penal Code §§ 11105(b)-(c), 13300(b)-(c).  California law authorizes its state courts, governmental agencies, and any subject of a criminal record to access state and local summary criminal history information so long as it is needed in the course

of their duties.  Cal. Penal Code §§ 11105(b), 13300(b).[2]  In addition, upon a showing of compelling need, this information may be accessed by federal, out of state, and foreign courts and governmental agencies, as well as certain individuals.  Cal. Penal Code §§ 11105(c), 13300(c).[3]  In every other respect, however, access to state and local summary criminal history information is strictly prohibited unless otherwise authorized by law.  Cal. Penal Code § 13201.  Further, unauthorized disclosure of state and local summarized criminal history information is punishable as a criminal misdemeanor.  Cal. Penal Code §§ 11142, 13303.

To the extent that Cal. Penal Code §§ 11105 and 13300 create a state evidentiary privilege, it is qualified and not absolute.  That is, pursuant to California law, "any person or public agency *authorized by a court*, statute, or decisional law" is permitted by law to receive state and local summary criminal history information.  Cal. Penal Code §§ 11140(b), 13301(b) (emphasis added).  Based upon this Court's review of California case law, California courts routinely exercise their discretion by balancing the primacy of the evidence sought against a third party's privacy interest, but they tend to heavily weight privacy interests in the context of civil discovery.  *Compare, e.g.*, *Doubleday v. Ruh*, 149

---

[2]Those falling within this category include, but are not limited to, California's state courts, peace officers, district attorneys, prosecuting city attorneys, probations officers, parole officers, public defenders, criminal defense attorneys, child welfare agency personnel, and supervising correctional officers, each of which is of the state of California.  Cal. Penal Code §§ 11105(b), 13300(b).

[3] Those falling within this category include, but are not limited to, out of state and federal courts; out of state, federal, and foreign peace officers; and out of state and federal public officers.  Cal. Penal Code §§ 11105(c), 13300(c).  In addition, an individual who is the subject of the criminal history information may access this information if it is needed in conjunction with an application to enter the United States or another foreign nation.  Cal. Penal Code §§ 11105(c)(9), 13300(c)(8).

F.R.D. 601, 612 (E.D. Cal. 1993) (granting civil discovery of plaintiff's own state summary criminal history information), *and Hill v. Superior Ct.*, 10 Cal.3d 812, 823 (Cal. 1974) (granting pretrial criminal discovery of the state and local summary criminal history information of potential prosecution witnesses), *with Denari v. Superior Ct.*, 215 Cal. App. 3d 1488, 1491-93 (Cal. Ct. App. 1989) (noting that the trial court denied civil discovery of the identities of arrested individuals who may have witnessed police break plaintiff's arm due to privacy concerns), *and Cent. Valley Chapter of 7th Step Found., Inc. v. Younger*, 95 Cal. App. 3d 212, 234-36 (Cal. Ct. App. 1979) (holding that the dissemination of arrest records containing nonconviction data to public employers is an intrusion into the right to privacy). Accordingly, the Court finds that California law creates a qualified evidentiary privilege that protects state and local summary criminal history information of third parties from civil discovery.

Next, the Court examines whether federal law permits an analogous evidentiary privilege regarding the summary criminal history information of third parties. Fed. R. Evid. 501; *Pearson*, 211 F.3d at 62. After examining federal case law regarding the disclosure of FBI rap sheets, it is clear that federal law permits an analogous evidentiary privilege. Pursuant to Exemption 7(C) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(C), FBI rap sheets, which contain criminal history summaries, are categorically protected from disclosure to third parties, as such disclosure could "reasonably be expected" to constitute an unwarranted invasion of personal privacy. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 780 (1989). The Supreme Court reasoned that individuals have a privacy interest in their criminal history summaries and that "there is a vast difference between the public records that might be found after a diligent search of

10

courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information." *Id.* at 764.

Because analogous federal law categorically protects criminal history summaries from disclosure to third parties, the Court, for the purposes of this action, must recognize California's qualified evidentiary privilege regarding state and local summary criminal history information. Fed. R. Evid. 501; *Pearson*, 211 F.3d at 62. As such, balancing Plaintiff's need for the information sought and the implicated privacy interests of third parties, the Court finds that the state and local summary criminal history information of third parties is privileged and not discoverable.

Document request No. 9 includes a request for information relating to Plaintiff herself, as it seeks records relating to "any members of Damon Auguste's family." Defendant Field's amended privilege log does not specify whether he has withheld state and local summary criminal history information pertaining to Plaintiff. Nevertheless, for the purposes of clarity and thoroughness, the Court addresses the production of Plaintiff's own summary criminal history information.

As to Plaintiff's own state and local summary criminal history information, the Court finds that this information is not privileged because its disclosure would not implicate any privacy interests of third parties. Therefore, the Court evaluates Plaintiff's request for her state and local summary criminal history information on the basis of relevance.

Plaintiff alleges that Defendant Field violated her Fourth Amendment right to be free from unreasonable searches and seizures when her residence was searched in connection with Damon Auguste's habeas corpus petition. *First Amended Complaint* [Docket No. 3 at

10; Filed November 25, 2003].[4]  Plaintiff argues that summary criminal history information "may shed further light on whether [Defendant Field] knowingly, intentionally[,] or with reckless disregard for the truth, omitted information from the affidavit in support of the search warrant of [Plaintiff''s] home, which, if included, would have vitiated probable cause." *Motion to Compel* [#154] at 6.  Moreover, Plaintiff argues that these documents may indicate whether Defendant Sullivan's "actions were objectively reasonable in light of the information he received from [Defendants] Field and Wilson or others from the Santa Clara County District Attorney." *Id.*

Because Plaintiff's claim pertains to the allegedly unreasonable search of her residence, the Court finds that Plaintiff's state and local summary criminal history information, to the extent available, is relevant to her claim, as Defendants may have based their decision to search Plaintiff's residence on this information.

### b.      Parole, Probation, and Sentencing Reports

Plaintiff seeks to compel the production of parole, probation, and sentencing reports. *Motion to Compel* [#154] at 6-7.  Defendant Field, however, argues that these reports are privileged pursuant to California state law, as well as irrelevant to Plaintiff's claim. *Defendant Field's Response* [#164] at 4-6.

Defendant Field argues that Cal. Penal Code § 1203.05, which regulates the dissemination of probation reports, prohibits him from disclosing third parties' parole, probation, and sentencing reports to Plaintiff.  *Id.* at 6.  Although unauthorized disclosure

---

[4] On August 3, 2005, District Judge Wiley Y. Daniel found that Defendant Field was entitled to summary judgment on Plaintiff's first and third claims for relief, which were brought pursuant to 42 U.S.C. § 1981 and § 1985(3).  *Order* [Docket No. 76; Filed August 30, 2005].

may be sanctionable, Section 1203.05 also provides for liberal access to probation reports. *See Hollywood v. Superior Court*, 43 Cal. 4th 721, 730 (Cal. 2008); *see also People v. Connor*, 115 Cal. App. 4th 669, 696 (Cal. Ct. App. 2004) ("Under the statute, probation reports are open to everyone, including the media, for 60 days without restriction."). For example, probation reports may be inspected or copied by any person within sixty days after the judgment or granting of probation, by any person upon a petition to a court, or by the general public upon court order. *See* Cal. Penal Code § 1203.05.

Given this policy of openness, the Court finds that Cal. Penal Code § 1203.05, to the extent it creates any state evidentiary privilege (which is doubtful), does not establish a federal evidentiary privilege because federal evidentiary privileges function to protect unequivocally confidential information from public scrutiny. *See Pearson*, 211 F.3d at 61; *cf. Beller ex rel. Beller v. United States*, 221 F.R.D. 674, 676-77 (D.N.M. 2003) (noting the universal practice of protecting federal presentence investigation reports from third parties because the reports contain informants' statements which aid the judge in arriving at a proper sentence). Accordingly, the relevance of Plaintiff's discovery request with respect to parole, probation, and sentencing reports must be determined.

Because Plaintiff's claim pertains to the allegedly unreasonable search of her residence, the Court finds that the relevance of third parties' parole, probation, and sentencing reports is not apparent on the face of Plaintiff's discovery request. Therefore, Plaintiff has the burden to sufficiently demonstrate that the request appears reasonably calculated to lead to the discovery of admissible evidence. *Johnson*, 212 F.R.D. at 586. However, the Court finds that Plaintiff has not met her burden, as she has failed to present arguments demonstrating that third parties' parole, probation, and sentencing reports are

13

relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.* Accordingly, third parties' parole, probation, and sentencing reports are beyond the scope of permissible discovery.

### c.   Consumer Credit and Real Estate Information

Plaintiff seeks to compel the production of documents regarding consumer credit and real estate information. *See Motion to Compel* [#154] at 6-7, 10.  Defendant Field, on the other hand, asserts that consumer credit and real estate information is privileged, and thereby protected from discovery pursuant to 15 U.S.C. §§ 1681b and 1681f. *Defendant Field's Privilege Log* [#154-5] at 2.

Sections 1681b and 1681f provide for the confidentiality of consumer reports and enumerate the circumstances in which disclosure is permitted, such as for a legitimate business need. *See* 15 U.S.C. §§1681b, 1681f.  Although Section 1681b(a)(1) provides for disclosure pursuant to a court order, the court may do so only for actions to enforce any liability created pursuant to the federal statutes governing consumer reporting agencies. 15 U.S.C. § 1681p.  Given the highly personal nature of indicia of financial responsibility and the threat of identity theft, Congress clearly intended to protect consumer credit and for consumer reports to remain confidential.  After reviewing Section 1681b, the Court finds that, to the extent Plaintiff seeks any consumer credit information, the confidentiality provisions apply to Plaintiff's discovery request, which does not fall within any of the circumstances allowing disclosure of consumer credit information.   Therefore, the confidentiality provisions for consumer reports constitute a federal evidentiary privilege for the purposes of this action. *Baldridge*, 455 U.S. at 361; Fed. R. Evid. 501.  Accordingly,

any withheld consumer credit information, to the extent it exists, is privileged, and thereby protected from discovery.

As to real estate information, Defendant Field acknowledges that statutory law does not explicitly prohibit disclosure of real estate information, even though he asserts that real estate information is privileged pursuant to Sections 1681b and 1681f in his privilege log. *Defendant Field's Letter* [#154-3] at 4; *Defendant Field's Privilege Log* [#154-5] at 2. Instead, Defendant Field argues that real estate information, especially information regarding third parties, is irrelevant and that Plaintiff has failed to demonstrate whether the requested information would lead to the discovery of admissible evidence. *Defendant Field's Response* [#164] at 6. Therefore, the Court evaluates Plaintiff's request for real estate information on the basis of relevance.

Because Plaintiff's claim pertains to the search of her residence, the Court finds that Plaintiff's *own* real estate information is relevant to her claim, and thereby discoverable. Conversely, the relevance of third parties' real estate information is not apparent on the face of Plaintiff's discovery request. Therefore, Plaintiff has the burden to sufficiently demonstrate that the request appears reasonably calculated to lead to the discovery of admissible evidence. *Johnson*, 212 F.R.D. at 586. However, the Court finds that Plaintiff has not met this discovery burden, as she has failed to present arguments demonstrating that third parties' real estate information is relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.* Accordingly, third parties' real estate information is beyond the scope of permissible discovery.

### d. Criminal Grand Jury Roster and Votes

Plaintiff seeks to compel production of the Criminal Grand Jury roster and votes for

Damon Auguste's criminal trial. *See Motion to Compel* [#154] at 6-7. Although Defendant Field asserts in his privilege log that these documents are protected from discovery pursuant to California state law, Defendant Field argues only that the Criminal Grand Jury votes are irrelevant to Plaintiff's claim. *Defendant Field's Privilege Log* [#154-5] at 2; *see also Defendant Field's Response* [#164] at 6-7. Plaintiff does not reply to any of Defendant Field's arguments regarding Criminal Grand Jury votes. *See Plaintiff's Reply to Defendant Field's Response* [#167] at 3.

Because Plaintiff's claim pertains to the search of her residence, the relevance of the Criminal Grand Jury roster and votes from Damon Auguste's criminal trial is not apparent on the face of the discovery request. Therefore, Plaintiff has the burden to sufficiently demonstrate that the request appears reasonably calculated to lead to the discovery of admissible evidence. *Johnson*, 212 F.R.D. at 586. However, the Court finds that Plaintiff fails to specifically address the Criminal Grand Jury roster and votes. Accordingly, the Court finds that Plaintiff has not met her burden and the documents regarding the Criminal Grand Jury roster and votes from Damon Auguste's criminal trial are not reasonably calculated to lead to the discovery of admissible evidence.

As set forth above, to the extent that Plaintiff seeks her own real estate information and her own state and local summary criminal history information, the Motion to Compel with respect to document request Nos. 5 and 9 is **GRANTED**. Defendant Field shall forthwith produce Plaintiff's real estate information and her state and local summary criminal history information, to the extent available.

To the extent that Plaintiff seeks any documents other than her own real estate

information and her own state and local summary criminal history information, the Motion to Compel with respect to document request Nos. 5 and 9 is **DENIED**.

### 3.    Document Request Nos. 6 and 7

Document request Nos. 6 and 7 ask Defendant Field to produce the following:

> Document Request No. 6: Produce all policies, procedures, general orders, directives, training course outlines or other memoranda, whether formal or informal and by whatever title or format, which were in effect for the Office of the Santa Clara County District Attorney as of July 24, 2003, addressing or regarding search warrants.

> Document Request No. 7: To the extent any of the documents identified in response to Document Request No. 6 have been modified or considered for modification since July 24, 2003, please produce the modified documents and/or any documentation relating to the consideration of modifications.

*Motion to Compel* [#154] at 7.  In her Motion to Compel, Plaintiff appears to limit the scope of document request Nos. 6 and 7 to "the policy and procedure manual(s) regarding search warrants that were in place on July 24, 2003, and any subsequent modifications thereto." *Id.* at 8.  Defendant Field, on the other hand, contends that the policies and procedures for the Bureau of Investigation of the District Attorney's office have already been produced by Defendant Wilson.  *Defendant Field's Response* [#164] at 7.  Defendant Field further asserts that, even though he has not located a written uniform policy or procedure for search warrants, he has directed Plaintiff to a publication called "Search Warrants" which he has used as a reference guide.  *See id.* at 8; *see also Declaration of David M. Rollo* [Docket No. 166 Ex. B at 19; Filed May 27, 2008] ("Declaration").  Regarding further production, Defendant Field argues that policy and procedural manuals for search warrants are not relevant to Plaintiff's claims.  *Defendant Field's Response* [#164] at 7.

Plaintiff argues that the manuals for the District Attorney's office are relevant because they may demonstrate whether Defendant Field acted in a supervisory capacity during the investigation of Damon Auguste's habeas corpus petition and the search of Plaintiff's residence. *Motion to Compel* [#154] at 9. Defendant Field, on the other hand, argues that these manuals are not relevant because there is no claim for municipal liability. *Defendant Field's Response* [#164] at 7-8. However, although an official policy is indeed a predicate for municipal liability pursuant to § 1983, *Monnell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), these manuals may also clarify the nature and scope of Defendant Field's role during the process of preparing or executing a search warrant. Pursuant to § 1983, Defendant Field may be liable for acting in a supervisory capacity if "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," despite the fact that he cannot be held liable by virtue of any supervisory position on a theory of respondeat superior. *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotations omitted). Considering that the scope of discovery must be broad, the Court finds that policy and procedure manuals on search warrants are relevant to Plaintiff's claim because they may demonstrate whether Defendant Field acted in a supervisory capacity and whether he is subject to supervisory liability pursuant to § 1983. *Gomez*, 50 F.3d at 1519.

Therefore, to the extent that these documents are in his possession, custody, or control, Defendant Field must make a good faith effort to produce nonduplicative "policy and procedure manual(s) regarding search warrants that were in place on July 24, 2003, and any subsequent modifications thereto." *Motion to Compel* [#154] at 8; Fed. R. Civ. P.

18

36(a)(1).  Moreover, in response to document request Nos. 6 and 7, Defendant Field directed Plaintiff to obtain a copy of the manual titled *Search Warrants* directly from the publisher, California District Attorney's Association.  *Declaration* [#166-3] at 19.  However, because this manual is restricted to law enforcement and prosecutorial agencies, the publisher would not sell Plaintiff a copy.  *Motion to Compel* [#154] at 8, Ex. 4.  Therefore, Defendant Field must also make a good faith effort to supply the *Search Warrants* manual to the extent it is in his possession, custody, or control.  *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 475 (D. Colo. 2007) ("'Control' comprehends not only possession, but also the right, authority, or ability to obtain the documents.").

Accordingly, the Motion to Compel is **GRANTED** with respect to document request Nos. 6 and 7 and Defendant Field shall produce forthwith nonduplicative policy and procedure manuals regarding search warrants, including *Search Warrants*, that were in place on July 24, 2003, and any subsequent modifications thereto.

### 4.    Document Request No. 12

Document request No. 12 asks Defendant Field to produce all of his personnel records at the Office of the Santa Clara County District Attorney.  *Motion to Compel* [#154] at 10.  However, in her Motion to Compel, Plaintiff limits the scope of this request to documents in Defendant Field's personnel file that relate to "complaints . . . filed against [Defendant Field] regarding search warrants in the past, or instances of failures to follow procedure [for search warrants]."  *Id.* at 11.

Defendant Field again argues that, because there is no claim for municipal liability, Plaintiff's document request is irrelevant and harassing.  *Defendant Field's Response*

[#164] at 8. The Court notes that neither party cites law regarding whether the information contained in Defendant Field's personnel file is relevant to Plaintiff's claims. Moreover, the Court has reviewed the applicable federal law within the District of Colorado, and was unable to locate any applicable authority. However, the District of Kansas has reviewed similar requests for production of personnel files in the context of § 1983 claims and has concluded that:

> an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefor discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or played an important role in the decision that gives rise to the lawsuit.

*C.T. v. Liberal Sch. Dist.*, 2008 WL 394217, at *3 (D. Kan. Feb. 11, 2008) (unpublished decision) (citing *Beach v. City of Olathe*, 2000 WL 960808, at *2-3 (D. Kan. July 6, 2000) (unpublished decision) (§ 1983 case in which the court compelled production of personnel file of police officer alleged to be the driving force behind retaliatory action) (citations omitted)). Essentially, the basis of Plaintiff's claim against Defendant Field is that, by failing to follow proper procedure during the process for obtaining the search warrant, he deprived her of her constitutional right to be free from an unreasonable search and seizure. *See First Amended Complaint* [#3]. The Court finds that Defendant Field "played an important role" in the decision that gave rise to Plaintiff's claims. *Liberal Sch. Dist.*, 2008 WL 394217, at *2. Therefore, any complaints filed in Defendant Field's personnel file regarding similar past conduct are indeed relevant to her claim.

Accordingly, the Motion to Compel is **GRANTED** with respect to document request No. 12 and Defendant Field shall produce all documents in his personnel file relating to complaints filed against him regarding search warrants in the past or instances of failures

to follow procedure for search warrants.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  August 6, 2008