IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-02256-WYD-KLM

DONNA M. AUGUSTE,

      Plaintiff,

v.

JAMES A. ALDERDEN, Sheriff of Larimer County;
JAMES SULLIVAN, Investigator, Larimer County Sheriff's Office;
JOHN NEWHOUSE, Investigator, Larimer County Sheriff's Office;
ROGER BARTRAM, Investigator, Larimer County Sheriff's Office;
THOMAS WILSON, Investigator, Office of the District Attorney, Santa Clara County;
BENJAMIN FIELD, Deputy District Attorney for Santa Clara County; and
GEORGE KENNEDY, District Attorney for Santa Clara County; all in their official
capacities and individually,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendant Field's Motion for Summary

Judgment Re: State Court Order, filed November 9, 2008 (docket # 113).  By way of

history, I note that summary judgment motions were filed on behalf of Defendants Field

and Wilson in January 2005.  It was contended that Field enjoyed both absolute

prosecutorial immunity and qualified immunity and that Wilson enjoyed qualified

immunity.  I denied the motions finding that there are "material facts in dispute with

regard to Defendant Field's and Defendant Wilson's involvement in obtaining the search

warrant.  Specifically, there are facts in dispute concerning whether these Defendants

sought to obtain a search warrant in direct violation of an Order from the Superior Court

of California."  Counsel filed an interlocutory appeal on behalf of Defendant Field alone,

and in August 2007 the Court of Appeals affirmed my decisions for the same reasons articulated in my Order.

Defendant Field, without first seeking leave to file a second motion for summary judgment, now requests that I enter an order finding that he did not violate the state court order previously mentioned in my prior Order. I note that this motion was not filed in accordance with my practice standards. A party may not file multiple motions for summary judgment without obtaining permission from the Court and such permission will only be given in exceptional circumstances. Although it is not explicit in Defendant Field's motion, it is apparent that he is requesting that I reconsider my previous Order on the basis of the California state court order not being a valid order and this motion would have been more appropriately filed as a motion for reconsideration.

I must first determine the appropriate standard for reviewing Plaintiff's motion. "Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders." *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000); *Nelson v. Kansas*, No.99-4184-DES, 2001 WL 1597959 at *3 (D. Kan. 2001) ("It is well within the court's discretion to revise interlocutory orders prior to the entry of final judgment." "'This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion.'" *Nat. Business Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted). "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Id.*

"Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Id.* (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.*, (quotation omitted). "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'" Id. (quotation and internal quotation marks omitted). *See also Nelson*, 2001 WL 1597959 at *4 (noting that the distinction between a motion to reconsider an interlocutory order and a Rule 59(e) is somewhat academic because "courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order." *4.

In the case at hand, it is clear that Defendant is attempting to take what amounts to a second bite of the apple, as my previous Order has already been affirmed by the Court of Appeals. Defendant attempts to circumvent my previous Order by now asserting that the state court order was not a valid order, when in previous filings he asserted that the issue of the order was immaterial to my decision in this case. Defendant Field was more than capable of raising this argument in previous pleadings and decided not to do so. This is not a case of newly discovered evidence or a change in case law. Nor has Defendant Field set forth facts or law of a strongly convincing nature which induces me to reverse my prior decision.

Based on the foregoing, It is

ORDERED that Defendant Field's Motion for Summary Judgment Re: State

Court Order is DENIED.

       Dated:  September 22, 2008

                               BY THE COURT:

                               s/ Wiley Y. Daniel
                               Wiley Y. Daniel
                               U. S. District Judge