IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-02256-PAB-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES SULLIVAN, individually,
THOMAS WILSON, individually, and
BENJAMIN FIELD, individually,

    Defendants.

_____

**ORDER**
_____

The matter before the Court is defendant Benjamin Field's Opposed Motion for Relief From Order [Docket No. 201]. In his motion, defendant Field requests that the Court modify its September 22, 2008 Order.

Defendant Field's motion is styled as a motion for relief under Federal Rule of Civil Procedure 60. Field does not make clear in his motion whether he seeks correction of a clerical mistake under Rule 60(a) or if he seeks to overturn the Court's denial of his second motion for summary judgment under Rule 60(b) based on mistake or other grounds. "Rule 60(a) governs the correction of clerical mistakes. Substantive grounds for relief are set forth in Rule 60(b)." *United States v. Buck*, 281 F.3d 1336, 1340 (10th Cir. 2002). Because "Rule 60(a) may not be used to change something that has been deliberately done," it does not apply to Judge Daniel's conclusion that defendant Field violated applicable practice standards by filing of a second motion for

summary judgment without explicit permission. *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1066 (10th Cir. 1980). Nor does Rule 60(b) provide defendant Field an avenue for relief because that rule "applies only to final orders or judgments." *Raytheon Constructors, Inc. v. Asarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

As with defendant Field's second motion for summary judgment, the instant motion should have been filed as a motion for reconsideration. "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). However, to warrant relief from an interlocutory order, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations omitted).

The sole grounds for modification cited by defendant Field is that his counsel raised the possibility of filing a second motion for summary judgment at the Scheduling Conference in this matter and the Scheduling Order mentions such a possibility. Reviewing the Court's September 22, 2008 Order and defendant Field's motion, it is apparent that Field has not shown that reconsideration is appropriate. That the Scheduling Order recognized the possibility that defendant Field might file a motion concerning "whether or not Field allegedly violated a legally enforceable order," [Scheduling Order, Docket No. 111 p.12], did not exempt Field from complying with Judge Daniel's practice standards governing dispositive motions. Moreover, the denial

of defendant Field's second motion for summary judgment in the September 22, 2008 Order is premised, not on a violation of the applicable practice standards, but on the merits of that motion. Because defendant Field has not provided any new facts or pointed to an error of law that would require revisiting the September 22, 2008 Order, his motion for relief therefrom is without merit.

Accordingly, it is

**ORDERED** that defendant Field's motion for relief under Fed. R. Civ. P. 60 [Docket No. 201] is DENIED.

DATED March 9, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge