IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-02256-PAB-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES SULLIVAN, individually,
THOMAS WILSON, individually, and
BENJAMIN FIELD, individually,

    Defendants.
_____

**ORDER**
_____

The matter before the Court is Judge James H. Hiatt's Motion to Quash Subpoena [Docket No. 226]. Plaintiff included Judge James H. Hiatt, a judge of the Eighth Judicial District of Colorado, on her list of witnesses who will testify at trial, which is scheduled to begin on April 6, 2009. On November 18, 2008, in order to secure such testimony, plaintiff issued a trial subpoena to Judge Hiatt. Mot. to Quash, Ex. 1 [Docket No. 226-1]. For the reasons detailed below, I find that the motion to quash should be granted.

"A judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *United States v. Roth*, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004); *see also United States v. Morgan*, 313 U.S. 409, 422 (1941) (citing *Fayerweather v. Ritch*, 195 U.S. 276, 306 (1904)). While courts have allowed testimony by judicial

officers in some cases, the circumstances where such testimony is appropriate are narrow. For example, in *United States v. Frankenthal*, 582 F.2d 1102, 1108 (7th Cir. 1978), the Seventh Circuit affirmed admission of a judge's testimony where the judge "possessed factual knowledge that was highly pertinent to the jury's task, and he was the only possible source of testimony on that knowledge." *See also United States v. Ianniello*, 866 F.2d 540, 544 (2d Cir. 1989) (stating that "asking a district judge to testify is a serious matter" and limiting the scope of inquiry to the narrow issue of whether the judge made *ex parte* statements to the jury); *Proffitt v. Wainwright*, 685 F.2d 1227, 1255 (11th Cir. 1982). Even within these narrow confines where testimony by a judge may be appropriate, "factual testimony from a judge can unduly affect a jury." *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007); *see* Fed. R. Evid. 403.

Plaintiff seeks two categories of testimony from Judge Hiatt. First, general testimony regarding the issuance of search warrants in his district. The Final Pretrial Order describes this testimony as "the practice of affiants seeking the issuance of search warrant [sic] from the district court; his experience regarding search warrant [sic] and the affidavits therefor." Final Pretrial Order [Docket No. 192] at 15. If allowed, such testimony from Judge Hiatt poses the danger of unduly influencing the jury. Moreover, it is clear that Judge Hiatt is not the only source of information about these topics. District attorneys or former district attorneys could also testify on these topics.

Second, plaintiff seeks to elicit testimony from Judge Hiatt directly related to the facts of this case. In the Final Pretrial Order at 16, plaintiff states that she intends to seek testimony from Judge Hiatt about "whether the district court would issue search

warrants on affidavits with stale information without evidence of more recent illegal activity." In her response to the motion to quash, plaintiff states that she will ask Judge Hiatt "whether the defendants disclosed that the evidence they contended provided probable cause to search Ms. Auguste's home was five years old." Pl.'s Resp. [Docket No. 236] at 8. Although plaintiff characterizes questions about these topics as factual ones that do not implicate Judge Hiatt's mental processes, such questions are so directly tied to, and so strongly infer, the mental processes that Judge Hiatt used in authorizing the warrant as to be impermissible. Moreover, plaintiff does not show that only Judge Hiatt is able to testify about whether defendants disclosed the age of the evidence supporting probable cause.

The testimony sought of Judge Hiatt by plaintiff does not warrant deviating from the presumption against trial testimony by a judicial officer. *See Roth*, 332 F. Supp. 2d at 567.

Therefore, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 45(c)(3), Judge James H. Hiatt's motion to quash [Docket No. 226] is GRANTED.

DATED March 20, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge