IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-02256-PAB-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES SULLIVAN, individually,
THOMAS WILSON, individually, and
BENJAMIN FIELD, individually,

    Defendants.
_____

**ORDER**
_____

    The matter before the Court is Judge James C. Emerson's and Superior Court of California, County of Santa Clara's Motion to Quash Subpoena [Docket No. 221]. Plaintiff included Judge James C. Emerson, a judge of the Superior Court of California, County of Santa Clara, on her list of witnesses who will testify at trial, which is scheduled to begin on April 6, 2009. On December 12, 2008, in order to secure such testimony, plaintiff issued a subpoena to Judge Emerson commanding him to appear on the date on the first day of trial. Decl. of Kimberly M. Drake in Supp. of Mot. to Quash, Ex. A [Docket No. 222-1]. Because this subpoena exceeds the subpoena power conferred by the Federal Rules of Civil Procedure, I find that the motion to quash should be granted.

    Federal Rule of Civil Procedure 45(b)(2)(B) provides that a subpoena may be served outside a federal district if it is served "within 100 miles of the place specified for

the . . . trial." Rule 45(c)(3)(A)(ii), in turn, requires the issuing court, on motion, to quash a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." The only exception to this rule applies to circumstances where the person subject to the subpoena is able to travel to trial from a location in the same state that the trial will be held. *Id.*

Judge Emerson is a resident of California who is not a party to this action and would have to travel more than 100 miles to attend trial in this action. Plaintiff has not shown that Judge Emerson is available in Colorado so as to satisfy the limited exception to Rule 45(c)(3)(A)(ii). Moreover, plaintiff admits that Judge Emerson is beyond the subpoena power provided by Federal Rule of Civil Procedure 45. *See* Pl.'s Resp. to Objections [Docket No. 256] at 6.

Accordingly, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 45(c)(3), Judge James C. Emerson's motion to quash [Docket No. 221] is GRANTED.

DATED March 20, 2009.

                                                   BY THE COURT:

                                                   s/Philip A. Brimmer
                                                   PHILIP A. BRIMMER
                                                   United States District Judge