IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 03-cv-02256-PAB-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES SULLIVAN, individually,
THOMAS WILSON, individually, and
BENJAMIN FIELD, individually,

    Defendants.
_____

### ORDER RE ADMISSIBILITY OF BAR COURT DECISION
_____

On February 20, 2009, plaintiff filed her Notice of Supplemental Authority [Docket No. 246], which attached a decision of the State Bar Court of California dated February 10, 2009 (referred to herein as the "Bar Court Decision"). Plaintiff requests that the Court consider this decision as supplemental authority to her Motion for Summary Judgment on Lack of Probable Cause for the Issuance of a Search Warrant of Her Residence [Docket No. 181]. Defendants Wilson and Field each filed objections to the Notice of Supplemental Authority. *See* Docket Nos. 247 and 249 (referred to herein as "Field's Resp."). Plaintiff filed a response to the objections on March 5, 2009, *see* Docket No. 258, and defendants Wilson and Field each filed a reply. *See* Docket Nos. 271 and 291. In addition, defendants Wilson and Field addressed many of the issues raised by the Bar Court Decision in their objections to plaintiff's exhibits and evidence. *See* Defendant Thomas Wilson's Objections to Exhibits and Witnesses

Designated by Plaintiff [Docket No. 234]; Defendant Field's Objections to Plaintiff's Proposed Witnesses and Testimony and Designated Exhibits [Docket No. 237]. Plaintiff filed a response to those objections. *See* Plaintiff Auguste's Response to Objections to Admission into Evidence of (1) Transcripts of Testimony and Orders of Honorable James Emerson; and (2) Decision of California State Bar Court Concerning Defendant Field [Docket No. 256] (referred to herein as "Pl.'s Resp. to Field's Objections"). Plaintiff has now filed a Substitution of Revised Exhibit 74 [Docket No. 268], which redacts all parts of the Bar Court Decision except for its factual findings.

On February 10, 2009, a hearing judge of the State Bar Court, an attorney disciplinary body of the State of California, issued a 67-page decision in *In the Matter of Benjamin R. Field*, which recommended to the California Supreme Court that defendant Field be disciplined based on his conduct in the search involved in this case and his conduct in three other cases that he handled as a prosecutor. Plaintiff has attached a copy of the decision to her Notice of Supplemental Authority. According to the Bar Court Decision, the Office of the Chief Trial Counsel of the State Bar of California initiated the proceeding by filing a Notice of Disciplinary Charges against defendant Field in November 2007. A trial took place that lasted for twelve days. Defendant Field was represented by counsel during these proceedings. Defendant Field appealed the Bar Court Decision, which appeal is pending. Field's Resp at 4. The background and nature of the California Bar Court is explained in *In re Rose*, 22 Cal. 4th 430 (2000).

Field and Wilson primarily rely on *Herrick v. Garvey*, 298 F.3d 1184 (10th Cir. 2002), to argue that a party cannot use judicial opinions to establish facts on summary

judgment or in a trial.  In *Herrick*, the owner of an antique airplane (Herrick) filed suit against the Federal Aviation Administration under the Freedom of Information Act seeking blueprints and other documents submitted by the airplane's builder to the government in 1935.  The FAA denied this request on the grounds that the information consisted of protected trade secrets that the FAA had no right to divulge.  The FAA referred Herrick to The Fairchild Corporation, the successor to the airplane's manufacturer.  In arguing that The Fairchild Corporation could not assert a trade secret because it did not own the airplane documents, Herrick cited a federal district court opinion in an unrelated case which made a finding of fact that Fairchild Engine and Airplane Corporation, which built the airplane, had sold its aircraft business to a third corporation.  *Id*. at 1191.  The court of appeals rejected this argument, stating:

> The evidence Herrick relies upon is hearsay.  It is an out-of-court written statement by a judge now offered to prove the truth of the matter asserted. . . .

*Id.*  The Tenth Circuit next considered whether the district court findings of fact fell within a recognized hearsay exception.  The court rejected taking judicial notice of adjudicative facts under Fed. R. Evid. 201 since the facts at issue in the district court opinion were "subject to reasonable dispute."  *Id.* at 1192 n.5.  The court also rejected the hearsay exception found in Fed. R. Evid. 803(8) regarding "factual findings resulting from an investigation made pursuant to authority granted by law," stating that "Rule 803(8) was not intended to allow the admission of fact by courts."  *Id.* at 1192. Part of the court's rationale was that "[j]uries are likely to give disproportionate weight to such

3

findings of fact because of the imprimatur that has been stamped upon them by the judicial system." *Id.*

Plaintiff attempts to distinguish *Herrick* by arguing that the findings of fact in the unrelated district court opinion at issue in *Herrick* were "simply not trustworthy." Pl.'s Resp. to Field's Objections at 12. The Tenth Circuit, however, did not mention that as a reason for its decision. Instead, the court focused on the fact that the district court findings of fact were hearsay without a hearsay exception. Thus, plaintiff's trustworthiness argument is unavailing.

Plaintiff seems to suggest that the Bar Court Decision is more similar to an executive administrative proceeding than to a judicial proceeding. *See* Pl.'s Resp. to Field's Objections at 11-12. The Court rejects any such argument. It is clear from the Bar Court Decision that its proceedings were in the nature of judicial fact-finding, which brings the State Bar Decision within the holding of *Herrick*.

Plaintiff also argues that Fed. R. Evid. 807 permits the Court to consider the Bar Court Decision. Rule 807, the residual hearsay exception, states in pertinent part that:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Plaintiff argues that she has met Rule 807's criteria for admissibility because the Bar Court Decision is "particularly trustworthy" given that it was conducted as a formal trial and the decision bears on a material fact (whether defendant Field knew or should have

4

known that the search of the plaintiff's home was foreclosed by Judge Emerson's ruling). However, plaintiff fails to meet Rule 807's requirement that "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Plaintiff has made no showing that she cannot present witnesses and exhibits to substantiate her case without relying on the Bar Court Decision. There is no reason effectively to preempt the duties of the jury in this case to resolve factual disputes by introducing as evidence the findings of a judge in the California disciplinary proceeding.

Finally, plaintiff claims that the Bar Court Decision falls within the hearsay exception of Fed. R. Evid. 803(21) as evidence of defendant Field's reputation of character among associates or in the community. Pl.'s Resp. to Field's Objections at 14-15. However, the Bar Court Decision makes no findings of fact regarding defendant Field's reputation among associates or in the community (although it notes unrebutted testimony at the hearing regarding Field's "strong good character" (Bar Court Decision at 64)) and therefore Rule 803(21) is not applicable.

Plaintiff has not shown why the State Bar Decision is anything other than inadmissible hearsay. Thus, plaintiff may not use it to supplement her summary judgment motion and may not introduce it (or portions of it) at trial. It is

5

ORDERED that Defendant Thomas Wilson's Objection to Plaintiff's Notice of Supplemental Authority [Docket No. 247] and Defendant Benjamin Field's Objection to Plaintiff's Notice of Supplemental Authority [Docket No. 249] are sustained.

DATED March 25, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge