IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02256-PAB-KLM

DONNA M. AUGUSTE,

    Plaintiff,

v.

JAMES A. ALDERDEN, Sheriff of Larimer County; et al.,

    Defendant(s).

---

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte.*

A settlement conference was held in this case on June 22, 2009 at 1:30 p.m. Plaintiff and her husband, who is not a party, were present, and were represented by attorneys Terrance R. Kelly and Jerremy M. Ramp.  Defendants Benjamin Field and Thomas Wilson (the "California Defendants") were present, and were represented by attorneys Aryn P. Harris, John Winchester and Craig Brown (the "California attorneys"). Both the California Defendants and the California attorneys traveled to Colorado from California for the settlement conference.  Defendant James Sullivan (the "Colorado Defendant") was present, and was represented by attorneys George H. Hass, Jeannine S. Haag and William G. Ressue (the "Colorado attorneys').  For the purpose of conducting confidential settlement discussions, Plaintiff, her husband and her attorneys were seated

in jury room #1, the California Defendants and California attorneys were seated in jury room #2, and the Colorado Defendant and Colorado attorneys were seated in conference room #1.

The June 22nd settlement conference was the third settlement conference held by the Court in this case. Settlement negotiations have been unusually difficult throughout the case. The date for the settlement conference was chosen as the only date of five options provided to the parties on which Plaintiff and her counsel indicated that they would be available. Not coincidentally, it was also the latest date offered to the parties, and Plaintiff had requested a several-week hiatus from the case to attend to personal business. Defendants were interested in attending a third settlement conference much earlier, but accommodated Plaintiff's request for a hiatus at the request of the Court. The settlement conference was set by Minute Order dated May 4, 2009 [Docket No. 348].

At approximately 4:00 p.m. on the afternoon of the settlement conference, Plaintiff informed the Court that she would be leaving at 4:30 p.m. to coach a softball team practice. The settlement negotiations had been underway since 1:30 p.m., and were not close to conclusion. Despite the fact that the settlement conference had been contemplated for more than two months, and the date of the settlement conference had been set for more than six weeks and had been specifically chosen by Plaintiff, no one had previously informed the Court of Plaintiff's alleged need to leave early. After reminding Plaintiff that five separate individuals had flown to Colorado from California for the purpose of attending the settlement conference and explaining that the Court's settlement conferences regularly

conclude at 5:30 p.m. or later, the Court told the Plaintiff that she would not be permitted to leave early. Plaintiff's counsel were present during this conversation. Nevertheless, after continuing to negotiate with both sets of defense counsel and Defendants, the Court returned to jury room #1 at approximately 5:45 p.m. and discovered that Plaintiff and her husband had departed despite being denied permission to do so.

At best, this conduct evidences a serious lack of judgment by both Plaintiff and her attorneys.[1] At worst, it can only be described as a flagrant violation of the Court's instructions, and a manifest showing of disrespect for the Court, the Defendants, defense counsel, and the settlement process. Not surprisingly, the settlement negotiations broke down within minutes after discovery of Plaintiff's unauthorized departure from the settlement conference.

The Court has the inherent power to impose sanctions when a person "has abused the judicial process by acting 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). This inherent power to sanction may run against a party or an attorney, or both. *See, e.g.*, *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996).

The Court finds that Plaintiff Donna M. Auguste and her attorney, Terrance R. Kelly, acted in bad faith in conjunction with Ms. Auguste's unauthorized early departure from the

---

[1] Because Mr. Kelly is the far more-experienced and lead counsel for Plaintiff, I attribute this lack of judgment primarily to him.

long-scheduled settlement conference held on June 22, 2009. Given the amount of time devoted by Defendants, their attorneys and the Court to the settlement conference, as well as the travel expenses incurred by five out-of-state individuals to attend the settlement conference, the Court finds that a monetary sanction in the amount of $1500.00 is reasonable and appropriate to deter repetition of the conduct or comparable conduct by these individuals or others similarly situated. Accordingly,

IT IS HEREBY **ORDERED** that a monetary sanction is imposed against Plaintiff Donna M. Auguste and Terrance R. Kelly, Esq., jointly and severally, in the amount of $1500.00. Such sanction shall be paid to the Court Clerk's office no later than **July 6, 2009.**

Dated:  June 23, 2009

/s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge